UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY HERMO,

                Plaintiff,

-against-

THE CITY OF NEW YORK, *et al.*,

                Defendants.

19-CV-10471 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging that Defendants violated his rights. By order dated December 13, 2019, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. After the Court granted Plaintiff two extensions of time to submit an amended complaint (ECF Nos. 9, 11), Plaintiff filed the amended complaint on February 27, 2020 (ECF No. 13). The Court has reviewed the pleading and dismisses it for failure to state a claim.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The Court granted Plaintiff leave to amend his complaint to state facts showing that Defendants – the City of New York and City employee, Laura Mello – violated his rights.[1] In the amended complaint, Plaintiff lists the following individuals: (1) "Laura S. Mello, Records Access Officer"; (2) "Millard Gonzalez, Acting Supervisor"; (3) "Dr. Safran (Profiler) Identity in Question"; (4) Investigator Fagan, Squad B., badge # 3035"; and (5) "Betsy Gotbaum (Facto Ombudsman) Asking Requesting Records Public Advocate." (ECF No. 13, at 3.) He states that "Mello To Make a phone call, get the psychological interview documentation." (*Id.* at 4.)

Plaintiff references the Americans with Disabilities Act (ADA), presumably quoting from language contained in a form:

> A testing entity should generally accept such documentation and provide the recommended testing accommodation without further inquiry. Item of form or request is non-existent at event. Report from qualified professionals who have evaluated the candidate should take precedence over reports from testing beforehand on the matter.

(*Id.*)

---

[1] Plaintiff indicates that he intends to proceed "orally in the forum without" a *guardian ad litem*. (ECF No. 13, at 1.) The complaint does not suggest that Plaintiff is incompetent to proceed on his own behalf, nor does the Court possess any evidence indicating that Plaintiff is incompetent. The Court therefore concludes that the action may proceed without considering whether Fed. R. Civ. P. 17(c) applies. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003) ("If a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent, it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied.").

Plaintiff attaches several documents to his amended complaint concerning his application in 2001 to become a New York City police officer. One form, dated August 31, 2001, states that he failed a civil service exam to become an officer. (*Id.* at 6.) Another form, also dated August 31, 2001, states that "a search of the fingerprints on [Plaintiff] has failed to disclose [a] prior arrest." (*Id.* at 10.) For reasons unclear, Plaintiff also attaches a form concerning his Medicare insurance that lists his earnings history from 1990 to 2010. (*Id.* at 8.)

In a conclusion paragraph, Plaintiff states that he "need[s] a decision . . . by municipal and by federal standards of gaps by the jury do forth in a timely fashion . . . [and that he is] speculating for probation periods also civil service title of wages in which its punitive damages." (*Id.* at 15.)

## DISCUSSION

The Court has closely scrutinized Plaintiff's amended complaint and has concluded that the submission does not include facts to support any claim against the named defendants. Plaintiff appears to complain about a civil service exam he underwent in 2001. But beyond this, he does not provide a short and plain statement (1) stating any facts from which his claims arise and (2) showing that he is entitled to relief from the named defendants. To state a claim for relief, a complaint must contain enough background facts to allow the Court to reasonably infer that the named defendants are liable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff's complaint contains no facts showing how the defendants violated his rights.

Because Plaintiff fails to state any claim on which relief may be granted, the Court dismisses the amended complaint. *See* 28 U.SC. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity

to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

A copy of this order is to be mailed in chambers.

SO ORDERED.

Dated:   May 5, 2020
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.